IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3024-D

DOUGLAS WADE MELTON,          )
                              )
            Plaintiff,        )
                              )
      v.                      )        **ORDER**
                              )
SUPERINTENDENT SANDRA         )
THOMAS, et al.,               )
                              )
            Defendants.       )

On February 4, 2009, Douglas Wade Melton ("Melton" or "plaintiff"), a former state inmate,[1] filed this action for injunctive and monetary relief under 42 U.S.C. § 1983 [D.E. 1]. Melton alleged that 27 defendants violated his constitutional rights during his incarceration at Lumberton Correctional Institution ("LCI") and other correctional institutions. See Compl. On July 20, 2009, the court reviewed the complaint and ordered Melton to particularize his claims [D.E. 7]. On July 29, 2009, Melton filed an amended complaint in response to the court's order [D.E. 8]. On August 17, 2010, the court reviewed Melton's amended complaint, dismissed as moot plaintiff's request for injunctive relief, and dismissed without prejudice plaintiff's state-law negligence claim for medical malpractice [D.E. 10]. However, the court allowed Melton's section 1983 claims to proceed. Id.

On November 5, 2010, defendants Hunt, Jones, McNeil, and Thomas answered the complaint [D.E. 23]. On November 15, 2010, defendant Bell answered the complaint [D.E. 27] and filed a

---

[1] The North Carolina Department of Correction ("DOC") released Melton from custody in 2010. See N.C. Dep't Corr. Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender .do?method=view&offenderID=0278532 (last visited May 5, 2011); see also [D.E. 9, 24, 34] (notices of change of address).

motion to dismiss [D.E. 25]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Melton about the motion to dismiss, the consequences of failing to respond, and the response deadlines [D.E. 28]. On December 10, 2010, Melton responded in opposition to the motion [D.E. 31]. On December 20, 2010, Melton filed a response to the answers [D.E. 32]. That same day, the court notified Melton that he had failed to make service on defendants Peck, Campbell, Marsh, Wilkins, McMillan, and Stamper as required by Federal Rule of Civil Procedure 4(m) [D.E. 33]. Melton did not file anything in response to the court's notice. As explained below, the court grants defendant Bell's motion to dismiss, dismisses without prejudice Melton's claims defendants Peck, Campbell, Marsh, Wilkins, McMillan, and Stamper, and directs the Clerk of Court to issue a scheduling order.

I.

The allegations relevant to defendant Bell's motion to dismiss are as follows. Melton suffers from "a deformity to the right lower extremity [per]taining to bone and joint." Am. Compl. 5. On August 23, 2008, while incarcerated at Lumberton Correctional Institution ("LCI"), Melton placed a sick call "due to pain tension and problems relating to [his] deformity" and was seen by defendant Peck, a nurse at LCI, on August 26, 2008. Id. "Nurse Peck did not refer [Melton] to be seen by" defendant Bell, a doctor at LCI, which caused Melton "pain and suffering and causing [his] complications to grow worse." Id.

On September 10, 2008, Bell examined Melton, but did not restrict Melton from any "activities and duties while awaiting a medical device such as orthopedic footwear." Id. at 6.[2] "By this action Bell caused [Melton] a great deal of pain, suffering, and damages such as blisters,

---

[2] It appears Melton ultimately was put on medical restrictions on March 5, 2009. See Pl.'s Resp. Opp'n Mot. Dismiss 3 (7/14/09 memorandum from LCI superintendent to Melton).

2

swelling, blood discoloration in the foot and toes and ankle and possible lower back damages due to [Melton's] inability to climb, squat, bend and stand." Id. On September 30, 2008, defendant Jones, a nurse at LCI, saw Melton for "pain and tension caused by right lower extremity deformity" and referred him to defendant Bell, but Melton "was never seen . . . which caused [him] great deal of unnecessary pain and suffering and further injury." Id. LCI nurses saw Melton on seven occasions between August 26, 2008 and November 23, 2008, and Bell ordered x-rays of Melton's right knee, right foot, and lumbar sacral spine with were all within normal limits. See id. at 19, 21 (DOC grievance response). Melton acknowledges he received medical treatment during this time period but "[it] wasn't working" and he was not put on any restrictions "while awaiting [his] orthopedic shoes[.]" Id. at 18–19. On November 3 and December 31, 2008, Melton "filed sick call[s] with nursing staff at L.C.I. [but] was never seen . . . causing much pain and suffering." Id. at 6–7. On November 12, 2008, Melton saw Bell and told Bell that his condition had not changed and the prescribed medications were not working, but Bell "didn't give [Melton] anything for pain and tension." Id. at 20.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs

3

.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

To state a claim for inadequate medical care under section 1983, an incarcerated prisoner must allege deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to prove such a claim, Melton "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A prisoner is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

As for defendant Bell, Melton has not alleged a claim for deliberate indifference to a serious medical need. Melton alleges that Bell failed to put him on activity restrictions and that the treatment Bell provided did not improve in his condition. However, the record demonstrates that Melton received continuos medical attention, received orthopedic footwear, and ultimately was put on activity restrictions. Thus, Melton has failed to state a claim for deliberate indifference against defendant Bell. See, e.g., Meadows v. Ingram, 27 F.3d 563, 1994 WL 320217, at *3 (4th Cir. 1994) (per curiam) (unpublished table decision); Russell, 528 F.2d at 319; Starling v. United States, 664 F. Supp. 2d 558, 569–70 (D.S.C. 2009).

4

Next, the court addresses Melton's failure to effect proper service of the complaint and summons upon defendants Peck, Campbell, Marsh, Wilkins, McMillan, and Stamper. Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m). Although the court may extend the time for service under Rule 4(m), Melton has not attempted to show good cause for the failure to serve defendants Peck, Campbell, Marsh, Wilkins, McMillan, and Stamper. Thus, the court dismisses Melton's claims against these defendants without prejudice.

II.

For the reasons stated, the court GRANTS defendant Bell's motion to dismiss [D.E. 25]. The court DISMISSES WITHOUT PREJUDICE Melton's claims against defendants Peck, Campbell, Marsh, Wilkins, McMillan, and Stamper, for failure to effect service upon these defendants. The court DIRECTS the Clerk of Court to issue a scheduling order as to Melton's remaining claims.

SO ORDERED. This 6 day of May 2011.

JAMES C. DEVER III
United States District Judge